## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WEST CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>JODY KISTAITIS, MARK FREI and DOUG THOMPSON,<br><br>        Defendants. | Case No. 8:19-cv-00282<br><br>**STIPULATED INJUNCTION AGAINST JODY KISTAITIS** |

This matter came before the Court upon the Joint Stipulation for Entry of Injunction Against Defendant Jody Kistaitis filed by Plaintiff West Corporation ("West") and Defendant Jody Kistaitis ("Kistaitis") in the above-captioned matter. The Court, being fully advised in the premises, hereby finds as follows:

**IT IS HEREBY ORDERED** that the Joint Stipulation for Entry of Injunction Against Defendant Jody Kistaitis filed by West and Kistaitis is granted.

**IT IS FURTHER ORDERED** that the following Stipulated Injunction is hereby entered against Kistaitis:

1. For a period of eighteen (18) months from the date his employment with West ended, Mr. Kistaitis shall be prohibited from directly or indirectly contacting, soliciting or accepting orders related to products or services that are competitive to those offered by West, including, but not limited to, interactive communications products and services. ("Interactive Services"), from any customers, vendors or channel partners identified on the "Open Opportunities" attached to the Parties' Confidential Settlement Agreement as Exhibit B, as well as any of the additional entities specifically identified in the Parties' Confidential Settlement Agreement. For purposes of this Stipulated Injunction, interactive services shall include, without limitation, contact center services, interactive voice response and self-service solutions, proactive

notifications services, and customer experience services ("Interactive Services"). Nothing in this Stipulated Injunction shall preclude Mr. Kistaitis from the ability to induce, solicit or accept work from the customers listed above for outbound predictive dialing software services, which is not competitive with any of the services offered by West. However, outbound notifications and conversational notifications are within the scope of "Interactive Services" and, as such, are also prohibited.

2. For a period of twelve (12) months from the date his employment with West ended, Mr. Kistaitis shall not directly or indirectly interfere with, induce, entice, solicit or hire for employment in the Interactive Services industry any West employee about whom he obtained confidential West information as an employee at West or otherwise, or with whom he personally had contact while employed by West.

3. Kistaitis shall not directly or indirectly use, share or disclose any of West's trade secrets or confidential data, information, or documents that Kistaitis obtained, created or maintained while employed by West or which he otherwise obtained from a current or former West employee or a current or former CSG employee ("Confidential Information"). Confidential Information is defined as confidential information belonging to, used by, or in possession of West, its Affiliates and their respective customers, clients, suppliers, agents and contractors, including, but not limited to: (a) business strategies, pricing, customers, technology, programs, costs, marketing plans, developmental plans, computer programs, computer systems, innovations and techniques for handling, processing, and recording information, related developments, and trade secrets of every kind and character; (b) Protected Health Information ("PHI") or Nonpublic Personal Financial Information ("NPFI") (as each are defined in the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations

(45 C.F.R. Parts 160-164) and the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.)); and (c) client lists, billing records, client correspondence, pricing information, financial statements, marketing and business plans, ACD/MIS Reports, and any and all West handbooks and manuals.

4. Kistaitis shall not be precluded from disclosing trade secrets that are expressly allowed by 18 U.S.C. § 1833(b), which provides:

> An individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that—(A) is made—(i) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

Specifically, Kistaitis has the right to disclose in confidence trade secrets to federal, state, and local government officials, or to an attorney, for the sole purpose of reporting or investigating a suspected violation of law. Kistaitis also has the right to disclose trade secrets in a document filed in a lawsuit or other proceeding, but only if the filing is made under seal and protected from public disclosure.

Dated this 11th day of August, 2020.

BY THE COURT

By: *John M. Gerrard*
John M. Gerrard
Chief United States District Judge